SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
Michelle Zakarian (SBN 327628)
mzakarian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
BRANDENBURG INDUSTRIAL SERVICE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| EDNA GARCIA, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>BRANDENBURG INDUSTRIAL SERVICES COMPANY, an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.  37-2022-00040337-CU-OE-NC<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**<br><br>Complaint Filed:     October 6, 2022<br>Complaint Served:  October 31, 2022 |

Defendant Brandenburg Industrial Services Company ("Defendant"), hereby answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff Edna Garcia ("Plaintiff"), purportedly acting on behalf of herself and others similarly situated, as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 430.10(d) and (e), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff and those persons she purports to represent have been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant. Defendant further denies, generally and specifically, that Plaintiff and those persons she purports to represent have suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal or equitable relief within the jurisdiction of this Court.

In further answer to the Complaint, and as separate and distinct affirmative or additional defenses, Defendant alleges as follows:

**FIRST AFFIRMATIVE OR OTHER DEFENSE**

(Failure to State a Cause of Action Upon Which Relief Can Be Granted)

1. The Complaint, and each purported cause of action alleged therein, fails to state any cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE OR OTHER DEFENSE**

(Waiver)

2. Plaintiff and those persons she purports to represent have waived their right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against Defendant. Plaintiff and those persons she purports to represent, by their own conduct and actions, have waived the right, if any, to assert the claims alleged in the Complaint.

/ / /

/ / /

/ / /

/ / /

## THIRD AFFIRMATIVE OR OTHER DEFENSE

(Estoppel)

3. Defendant is informed and believes and thereon alleges that Plaintiff and those persons she purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendant.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Release)

4. To the extent Plaintiff or any person she purports to represent have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Laches)

5. Plaintiff and those persons she purports to represent are barred by the doctrine of laches from pursuing the Complaint, and each purported cause of action alleged therein, because they exercised inexcusable delay in commencing this action.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Unclean Hands)

6. Plaintiff and those persons she purports to represent are precluded from maintaining the Complaint, and each purported cause of action alleged therein, because they engaged in conduct showing unclean hands.

## SEVENTH AFFIRMATIVE OR OTHER DEFENSES

(Statutes of Limitation)

7. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation for each alleged cause of action, including but not limited to California Code of Civil Procedure sections 312, 337, 338(a), 338.1, 339, 340, and 343, California Business and Professions Code section 17208, and/or California Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, and 29 U.S.C. § 255.

/ / /

/ / /

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

(*De Minimis* Doctrine)

8. Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff or any person she purports to represent were not paid for all work performed (which Defendant denies), including whether based on any alleged unlawful rounding practices, such alleged work or unpaid is not compensable pursuant to the *de minimis* doctrine, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

**NINTH AFFIRMATIVE OR OTHER DEFENSE**

(Only Neutral, Lawful Time Rounding)

9. Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that it alleges Defendant rounds employees' time punches, Defendant's timekeeping practices are fair and neutral on their face, the timekeeping practices do not undercompensate employees because any alleged rounding is neutral in practice, and meal break time punches are not rounded.

**TENTH AFFIRMATIVE OR OTHER DEFENSE**

(Res Judicata/Collateral Estoppel)

10. Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrines of res judicata and collateral estoppel to the extent that Plaintiff and those persons she purports to represent have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

(No Knowing and Intentional Violation of California Labor Code)

11. Any alleged violation of the California Labor Code was not knowing and intentional and therefore the requested recovery is barred.

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

(No Injury as a Result of Violation of Labor Code)

12. Plaintiff and those persons she purports to represent have suffered no injury as a result of any alleged violation of the California Labor Code and therefore are barred from recovering penalties.

/ / /

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods)

13. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or those persons she purports to represent. Defendant did not have actual or constructive knowledge about any alleged failure to pay minimum, overtime or other wages, and/or premium wages, and/or any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or those persons she purports to represent. Defendant also did not have actual or constructive knowledge that Plaintiff or those persons she purports to represent were denied any meal or rest periods. *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-52 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(Waiver Of Meal Periods)

14. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff or those persons she purports to represent voluntarily waived the right to a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 but less than 12 hours. Accordingly, no violation of the California Labor Code or the IWC Wage Order meal period provisions occurred for shifts of those lengths.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

(No Willful Violation)

15. Plaintiff and those persons she purports to represent are not entitled to any penalties or liquidated damages awards, including under California Labor Code §§ 203 and 226, since, at all times relevant and material herein, Defendant did not willfully fail to comply with the relevant provisions of the California Labor Code or the applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing that it did not violate the law.

## SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Failure To Show A Lack of Payment of Overtime)

16. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that assuming arguendo that Plaintiff and those persons she purports to represent were entitled to be paid overtime (which Defendant denies), they cannot allege any facts showing that Defendant failed to pay the appropriate amount of overtime wages, if any, due to them pursuant to California Labor Code sections 510 and 1194.

## SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Failure To Show Denial Of Meal And/Or Rest Periods)

17. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that, Plaintiff and those persons she purports to represent cannot allege facts that show that Defendant required or requested them to work during any meal or rest period or failed to provide an employee with a meal period or failed to authorize and permit a rest period in accordance with an applicable order of the California Industrial Welfare Commission or the California Labor Code.

## EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Meal And Rest Periods Were Authorized, Permitted, And Taken)

18. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and those persons she purports to represent did, in fact, take all meal periods or rest breaks to which they claim they were entitled throughout their employment. Defendant, at all relevant times, posted the applicable Wage Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

## NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

(Premium Wages Paid For Alleged Failure To Take Meal Periods Or Rest Period)

19. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff or any person she purports to represent were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or authorized or permitted to take a rest period.

///

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

(Not Subject To Employer's Control)

20. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff or any other person she purports to represent were not subject to the control of Defendants during any and all "off-the-clock" time before they clocked-in for their shifts and/or clocked-out for their shifts and/or meal periods. Accordingly, any alleged "off-the-clock" time was, and is, not compensable time.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Failure To Follow Employer's Established Procedures)

21. Plaintiff and those persons she purports to represent are not entitled to recover from Defendant as alleged in the Complaint for any penalties or other relief due to their failure to comply with all directions of their employer concerning the service on which they were engaged in violation of California Labor Code section 2856, in particular (but not limited to) the alleged failure to follow Defendant's time-keeping, meal and rest break, and expense reimbursement policies and procedures.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Unjust, Arbitrary, And Oppressive, or Confiscatory Penalties)

22. Plaintiff and those persons she purports to represent are not entitled to recover any penalties, because under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, and confiscatory. Alternatively, any such penalty recovered must be reduced on these grounds.

### TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Due Process/Excessive Fine/Unconstitutional)

23. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of

Section 17 of Article I, the due process clause of Section 7 of Article I, and other provisions of the California Constitution.

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

(UCL Class Action Is Unconstitutional)

24. Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

(Lack of Standing Under Business and Professions Code Section 17200)

25. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff or any person she purports to represent lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code section 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff, or any person she purports to represent, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff and those persons she purports to represent lack standing to sue under the UCL.

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

(No Unlawful Adjustment)

26. The timekeeping policies relevant to the Complaint are fair and neutral on their face and do not undercompensate employees. Specifically, time clock entries, to the extent there are ever adjustments, are in the employees' favor.

/ / /

/ / /

/ / /

### TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Prompt Remedial Action)

27.  Defendant took prompt and appropriate corrective action in response to complaints or stated concerns by Plaintiff or any person she purports to represent regarding the workplace, if in fact they made any such complaints, thereby satisfying all legal duties and obligations Defendant had to them, if any at all.

### TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Accord And Satisfaction)

28.  Plaintiff's Complaint, and each purported cause of action alleged therein, are barred in whole or in part, pursuant to an accord and satisfaction, including by accepting meal and rest period premiums.

### TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(Consent/Authorization)

29.  Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, and/or authorized by Plaintiff or any person she purports to represent through their actions, omissions, and course of conduct.

### THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

(Avoidable Consequences/Failure To Mitigate)

30.  Plaintiff and those persons she purports to represent had the ability and opportunity to mitigate or avoid their purported damages or other harm alleged in the Complaint and failed to act reasonably to mitigate such damages or other harm.  By reason of the foregoing, Plaintiff and those persons she purports to represent are barred in whole or in part from recovery from Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

### THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Setoff and Recoupment)

31. To the extent a court holds that Plaintiff or any person she purports to represent are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments or all obligations that Plaintiff or those she purports to represent owed to Defendant against any judgment that may be entered against Defendant.

### THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Due Process - Class Action)

32. The claims of Plaintiff and those persons she purports to represent are barred because prosecution of this action as a class action would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

### THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Failure To Exhaust Grievance Procedures)

33. Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that she and those persons she purports to represent have failed to exhaust the grievance and arbitration provisions of the applicable collective bargaining agreement.

### THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Preemption)

34. Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent it is preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

### THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(No Standing)

35. Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent she lacks standing to pursue the claims for relief in the Complaint in either an individual or representative capacity.

/ / /

### THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Not Appropriate for Class Action)

36.     Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

### THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Class Action Not Superior Method of Adjudication)

37.     The alleged claims are barred, in whole or in part, as a class action, because a class action is not the superior method of adjudicating this dispute.

### THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Inadequate Class Counsel)

38.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff's Counsel is not an adequate representative of alleged class, particularly to the extent that Counsel has been found to have engage in acts of fraud, dishonesty, or breach of fiduciary duty. As such, the class action claims and allegations fail as a matter of law.

### THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(No Act by An Owner, Officer, Director, or Managing Agent)

39.     Plaintiff's claims are barred to the extent that she has not identified any unlawful conduct by an owner, officer, director, or managing agent of Defendant.

### FORTIETH AFFIRMATIVE OR OTHER DEFENSE

(No Private Right of Action)

40.     Plaintiff's claims, and the claims of those she seeks to represent, are barred to the extent that they rely upon California Labor Code § 246 because there is no private right of action to enforce the statute under that section.

/ / /

/ / /

## FORTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

(Right To Raise Additional Defenses)

41. Defendant hereby gives notice that it intends to rely upon such other and further affirmative or other defenses as may become available during discovery in this action and Defendant reserves the right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff, on behalf of herself and any person she purports to represent, take nothing by the unverified Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff and all persons she purports to represent on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: November 29, 2022                    Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Michael Afar
Michelle Zakarian
Attorneys for Defendant
BRANDENBURG INDUSTRIAL SERVICE COMPANY

11

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

89649955v.1

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On 29 November 2022, I served the within document(s):

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

☐ I sent such document from facsimile machines (310) 201-5219 on 29 November 2022. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Haig B. Kazandjian Lawyers APC | Tel. (818) 696-2306; Fax (818) 696-2307 |
| Haig B. Kazandjian | haig@hbklawyers.com |
| Cathy Gonzalez | cathy@hbklawyers.com |
| Melissa Robinson | melissa@hbklawyers.com |
| 801 North Brand Boulevard, Suite 970 | |
| Glendale, California 91203 91361 | Attorneys for Plaintiff EDNA GARCIA |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on 29 November 2022, at Los Angeles, California.

_____
Michelle Zakarian

---
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT
89649955v.1



(/Home)

My Profile | Help (/Help/Operations) | Logout (/

**Incoming** (/Operations/Orders/OPSIncomingOrders)    **Pending** (/Operations/Orders/OPSPendingOrders)    **Executed** (/Operations/Orders/OPSExecutedOr

(/Home)    **Closed** (/Operations/Orders/OPSClosedOrders)    **Cases** (/Operations/Orders/OPSCases)    **Place Order** (/NewOrder/Index)

**Customer: LA228 - Panish Shea & Boyle LLP**

What would you like us to do ?    eFiling

| Order Info | Case Info | Case Participants | Documents | Court Fees | Order Details |

### Thank you for your order(s)

Your order number(s): **6767241**

For your reference, you will receive an Order Confirmation by email.

If you would like further assistance, please contact our Customer Support at (213) 249-9999 Monday - Friday between the hours of M-F 9 AM to 5:00 PM Pacific.

**Back to Manage Cases**

« Previous    Submit    Save As Draft

---

**Order Summary**

eFiling (Existing Case)

**County:** San Diego

**Case Info:**
Case Number: 37-2022-00040337-CU-OE-N
Case Name: GARCIA vs. BRANDENBURG [IMAGED]
Category: Civil - Unlimited
Case Type: Other employment

**Case Participants:**
BRANDENBURG INDUSTRIAL SERVICE C
Illinois Corporation, Defendant
Garcia, Edna, Plaintiff
Zakarian, Michelle, Attorney **(Client)**

**Document(s):**
 Answer

**Estimated Court Fees:**
 Total fees: $438.00

**Order Details:**
Notify:
  efile3 3
Special Instructions:

---